**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **BLANCA E. QUINTANILLA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO.  EP-12-CV-00444-RFC** |
| | § | **(By consent)** |
| **CAROLYN W. COLVIN,1** | § | |
| **Acting Commissioner of Social Security** | § | |
| **Administration,** | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision.  Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner), denying her claim for Disability Insurance Benefits under Title II of the Social Security Act. Jurisdiction is predicated upon 42 U.S.C. § 405(g). For the reasons set forth below, the Court orders that the Commissioner's decision be **AFFIRMED**.

### I.   PROCEDURAL HISTORY

Plaintiff Blanca E. Quintanilla filed her application for disability benefits on October 19, 2010, alleging disability since October 1, 2010. (R:145)[2] Plaintiff's application was initially denied

---

1  Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

2  Reference to documents filed in this case is designated by "(Doc. [docket entry number(s)]:[page number(s)]".  Reference to the transcript of the record of administrative proceedings filed in this case, (Doc. 17), is designated by "(R:[page number(s)]".

1

on February 1, 2011, and then again denied upon reconsideration on April 22, 2011.  (R:46, 52) Plaintiff requested a hearing before an administrative law judge (ALJ), and that hearing was held on April 10, 2012. (R:25-41) At the hearing Plaintiff testified via a Spanish interpreter and vocational expert testimony was heard. (R:27, 37)

On May 3, 2012, the ALJ issued her decision, concluding that Plaintiff was not disabled for purposes of the Social Security Act. (R:7-20) At step one, she concluded that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of October 1, 2010. (R:15) At step two, she concluded that Plaintiff's hyperlipemia, mild multi-level degenerative disc changes, and facet arthrosis constituted severe impairments under the Act. (*Id.*) She also determined that Plaintiff had non-severe impairments of anxiety and a right hand injury. (*Id.*) She concluded that none of Plaintiff's impairments or combination of impairments met or medically equaled a listed impairment at step three. (R:16-17) Next, she determined that Plaintiff retained the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 404.1567(c), but that she could not constantly handle objects with her right hand. (R:17-19) Based on this RFC finding, at step four she found that Plaintiff had the ability to perform her past relevant work as a sales person. (R:19-20) Hence, she determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R:20)

Plaintiff appealed the ALJ's decision to the Appeals Council and provided additional evidence of an opinion from Sergio B. Pacheco, M.D., dated July 23, 2012. (R:142-144, 284-286) The Appeals Council denied the request for review. (R:1-6) Thus, the ALJ's May 3, 2012 decision serves as the Commissioner's final decision for purpose of judicial review pursuant to 42 U.S.C. § 405(g).

Plaintiff's complaint was filed in federal court on November 6, 2012, seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). (Doc. 5) Both parties have consented to trial on the merits before a United States Magistrate Judge. (Docs. 3, 16) The case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. (Doc. 19) Plaintiff filed her Brief on March 19, 2013. (Doc. 21) The Commissioner responded with her Brief on April 18, 2013. (Doc. 22)

## II.    FACTUAL BACKGROUND

Plaintiff was born on July 29, 1957 and was fifty-four years old at the time of the ALJ's decision. (R:145). She attended school through the ninth grade in Mexico and is unable to communicate in English; she did obtain her GED in Spanish. (R:28) She has previous work experience as a sales person and as a machine operator. (R:28, 33) She testified that she can no longer work due to a neck injury and osteoarthritis. (R:28) She has problems with some of her discs. (R:34) She also has anxiety. (R:28, 29) She suffers from pain in her hands, legs, and back. (R:29) Her pain is constant. (R:34) She can lift no more than five, six, or seven pounds. (R:31) In her previous job she could lift as many as 20 to 25 or 30 pounds. (R:36) She can only walk a block and then has to sit down. (R:31) She can stand for only half an hour to 45 minutes (R:32), and has to take three or four unscheduled breaks throughout the day in order to rest. (R:35) She now uses a cane to walk because a doctor told her to use it. (R:31) She takes two pain medications–Ibuprofen and Celebrex. (R:32)

## III.    ISSUE

Whether the ALJ's RFC finding is supported by Substantial Evidence and whether the ALJ committed legal error by failing to consider all limitations regarding Plaintiff's impairments in arriving at the final RFC determination. (Docs. 21:3-7; 22:4-13)

3

## IV.   DISCUSSION

### A.   Standard of Review

This Court's review of the Commissioner's decision to deny benefits is limited to two inquires: (1) whether the decision is supported by substantial evidence, and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. *Myers v. Apfel,* 238 F.3d 617, 619 (5th Cir. 2001), citing *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied,* 514 U.S. 1120 (1995); 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). A finding of "no substantial evidence" will be determined only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Johnson v. Bowen,* 864 F.2d 340, 343–44 (5th Cir. 1988) (*per curiam*) (citing *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983)).

The determination of whether there is substantial evidence to support the fact findings of the Commissioner does not involve reweighing the evidence, or trying the issues de novo. *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000); *Haywood v. Sullivan,* 888 F.2d 1463, 1466 (5th Cir. 1989). The court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993).

The court's role is to "scrutinize the record in its entirety to determine whether substantial evidence supports" the Commissioner's findings. *Randall v. Sullivan,* 956 F.2d 105, 109 (5th Cir.1992) (citing *Ransom v. Heckler,* 715 F.2d 989, 992 (5th Cir. 1983) (per curiam)). "The role of the courts in this quintessentially administrative process is extremely narrow" and "the

Commissioner's decision is granted great deference." *Lewis v. Weinberger,* 515 F.2d 584, 586 (5th Cir. 1975); *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir. 1995). If the Commissioner applied the proper principles of law and his findings are supported by substantial evidence, they are conclusive and must be affirmed. *Spellman,* 1 F.3d at 360. Conversely, if the Commissioner's findings are not supported by substantial evidence, or the Commissioner incorrectly applied the law, the reviewing court may, *inter alia,* reverse the Commissioner's decision and remand the case for further proceedings. *Murkeldove v. Astrue,* 635 F.3d 784, 792 (5th Cir. 2011).

**B.   Evaluation Process**

"Disability" means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Sinayi v. Astrue*, No. 3:11-CV-2770-D, 2012 WL 3234414, at *2 (N.D. Tex. Aug. 9, 2012) (quoting 42 U.S.C. § 423(d)(1)(A)). In determining disability, the ALJ makes his findings according to a sequential five-step evaluation. 20 C.F.R. § 404.1520. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the Commissioner's analysis. *Greenspan v. Shalala*, 38 F.3d at 236.

In the first step, the ALJ determines whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means the performance of work activity involving significant physical or mental abilities for pay or profit." *Newton*, 209 F.3d at 452-53 (citing 20 C.F.R. § 404.1572(a)-(b)). An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of his medical condition or his age, education, and work experience. 20 C.F.R. § 404.1520(b).

5

The ALJ then determines under the second step whether the claimant has a medically determinable physical or mental impairment that is severe or a combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). "[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101. Any application of this standard will be presumed incorrect unless "the correct standard is set forth by reference to this opinion (*Stone*) or another of the same effect, or by an express statement that the construction we give to [the regulation] is used." *Id.* at 1106. An individual who does not have a "severe impairment" will not be found to be disabled. 20 C.F.R. § 404.1520(c).

Under the third step, an individual who has an impairment that meets or is medically equal to the criteria of a listed impairment in Appendix 1 of the regulations will be considered disabled without the consideration of vocational factors. 20 C.F.R. § 404.1520(d). If the claimant does not qualify under the Listings, the evaluation proceeds forward. 20 C.F.R. § 404.1520(e).

Before commencing the fourth step, the ALJ assesses the claimant's RFC, which is the claimant's maximum work capability. *Perez v. Barnhart*, 415 F.3d 457, 461-62 (5th Cir. 2005); 20 C.F.R. § 404.1520(e). The ALJ then proceeds to step four and uses the claimant's RFC to determine whether the impairment(s) prevents the claimant from performing his past relevant work.[3] 20 C.F.R. § 404.1520(f). If an individual is capable of performing the work he has done in the past, a finding of "not disabled" will be made. 20 C.F.R. § 404.1520(f).

---

3 Past relevant work is work that was done by the claimant within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn to do it. 20 C.F.R. § 416.960(b)(1).

6

If an individual's impairment precludes him from performing his past relevant work, the fifth and final step evaluates the claimant's ability to do other work given his RFC, his age, education, and work experience. If an individual's impairment(s) precludes him from performing any other type of work, he will be found to be disabled. 20 C.F.R. § 404.1520(g).

An individual applying for benefits bears the initial burden of proving that he is disabled for purposes of the Social Security Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof on the first four steps of the sequential analysis, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of the opinion testimony of vocational experts or by the use of administrative guidelines provided in the form of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). The Commissioner must demonstrate that other work exists in significant numbers in the national economy that the claimant can do given the claimant's RFC, age, education, and work experience. *Id.* at 1153. If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he cannot, in fact, perform that work. *Anderson v. Sullivan*, 887 F.2d at 632.

## V.   ANALYSIS

Plaintiff contends that substantial evidence does not support the ALJ's determination that she retains the capacity to perform medium work except for the constant handling of objects with the right hand, because the ALJ failed to consider all limitations regarding Plaintiff's impairments in arriving at the final RFC determination. Medium work as defined in 20 C.F.R. § 404.1567(c) includes the ability to lift no more than 50 pounds at a time with frequent lifting and carrying of

objects weighing up to 25 pounds, and the ability to sit 6 hours out of an 8-hour workday, and stand and walk 6 hours out of an 8-hour workday. *See* SSR 83-10, 1983 SL 31251 (describing the exertional requirements of medium work). By failing to include all limitations regarding Plaintiff's spinal impairments Plaintiff was prejudiced by an inaccurate RFC finding.  (Doc. 21:7)

Residual functional capacity is the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite her physical and mental limitations. *Martinez v. Chater*. 64 F.3d 172, 176 (5th Cir. 1995). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529   Here, Plaintiff complains that substantial evidence does not support the ALJ's RFC finding. A review of the record evidence shows that such is not the case.

Dr. Augustine O. Eleje performed a consultative physical examination of Plaintiff on November 16, 2010 by. He concluded that Plaintiff had no limitations with regards to sitting,

standing, moving about, handling objects, lifting, carrying, hearing, and speaking. (R:232) Although Plaintiff complained of pain to her right thigh, left thigh, back, right wrist, right ankle, and all over, she admitted that she exercised regularly. (R:232) Approximately two months later, on November 4, 2011, she told Maria Gonzalez, a nurse practitioner, that she continued to exercise regularly. (R:247) Plaintiff was ambulatory (on 3 inch high heels) and she demonstrated a full range of motion during the musculoskeletal examination. (R:233) Dr. Eleje observed full five out of five bilateral hand strength and also felt that her ankle was normal.  (R:233) All extremities exhibited a full range of motion and deep tendon reflexes appeared normal. (R:233) She could hop, squat, pick up a pen and button her clothes. (R:233) No abnormal psychiatric symptoms were detected. (R:233) X-ray results of the right wrist and right ankle showed soft tissue to be normal with no fractures; joint spaces were normal. (R:234). Dr. Eleje concluded that her alleged pain did not correspond to findings on examination. (R:233) Dr. Eleje's opinion is substantial evidence in support of the ALJ's RFC determination.

Plaintiff's principal argument regarding the RFC determination is that the ALJ failed to include all limitations regarding Plaintiff's spinal impairments. (Doc. 21:7) Yet, the ALJ's opinion shows such not to be the case. The ALJ considered the February 15, 2011, MRI of the cervical spine (R:18) and the January 23, 2012, MRI of the lumbar spine where "mild" to "moderate" findings ensued. (R:264-265, 238-239). The ALJ referred to the fact medical records indicated that Plaintiff's cervical spine motion was normal. (R:18, 268) The record shows that the ALJ considered these items before arriving at Plaintiff's RFC.

It is evident from the ALJ's opinion that careful review of all of Plaintiff's symptoms and impairments and limitations took place. For example, many of Plaintiff's visits to Maria Gonzalez, a nurse practitioner, were scrutinized to evaluate Plaintiff's condition. On January 4, 2011, it was

9

determined by Nurse Gonzalez that although there was some tenderness in Plaintiff's right wrist her wrist motion was nonetheless normal. (R:18) On January 18, 2011, Plaintiff was "doing well." (R:18) She was being treated with medications. (R:18) The ALJ determined that Plaintiff's treatment for her maladies was essentially routine and/or conservative in nature. (R:19). No physical therapy had been undergone or sought and no specialist had provided Plaintiff with treatment. (R:19) A course of sparse and conservative treatment can be considered in determining that pain is not disabling. *Parfait v. Bowen*, 803 F.2d 810, 813-14 (5th Cir. 1986).

A review of the record also indicates that Plaintiff has consistently failed to follow treatment recommendations. On different occasions, she has been counseled to seek orthopedic treatment. The recommendation was made by Nurse Gonzales on June 17, 2011, and again on August 8, 2011. (R:242, 274). Earlier, the admonition was provided by Dr. Jesus Alonso.  (R:245) Finally, on July 23, 2012, the same counsel was given by Dr. Sergio B. Pacheco.  (R:286). The failure to follow prescribed treatment, where no good reason exists, is also an indication of non-disability. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

The ALJ considered all other impairments, both physical and mental, in arriving at her decision. For example, the issue of the right hand injury was addressed. X-rays proved to be negative. (R:15) Both the right wrist and right forearm were normal. (R:15). Although not mentioned at all by Plaintiff, the ALJ addressed the mental impairment of anxiety in comprehensive terms. (R:15-16). It appears clear from all record evidence that such impairment is not disabling, either by itself or in conjunction with other impairments.

In making her determinations, the ALJ assessed Plaintiff's credibility and subjective complaints of pain and limitation. It was within her broad discretion to weigh the evidence and make credibility choices. *See Newton*, 209 F.3d at 459. The ALJ considered Plaintiff's testimony as well

as the medical evidence. On the one hand, she had a litany of complaints urged by Plaintiff. (Doc. 21: 4-6) On the other hand, the record evidence shows that Plaintiff could shop, prepare simple meals, do household chores, drive, and visit with her family. (R:198-198, 211-15) On January 4, 2011, she told Nurse Gonzalez that she exercised regularly (R:247 ). In her sales job, she could lift as many as 50 pounds. (R:188–Work History Report) Also, the October 19, 2010, Disability Report, shows that R. Vela, during the face-to-face interview, observed no difficulties by Plaintiff in the areas of understanding, concentrating, sitting, standing, walk, or using her hands. (R:170) Based upon her review of the evidence, the ALJ determined that Plaintiff was not as limited as she claimed; such decision was within her discretion and is supported by the evidence.

Plaintiff also urges that Dr. Pacheco's July 23, 2012, report is further proof that the ALJ's decision should be reversed. The argument, in a nutshell, is that Dr. Pacheco opined that Plaintiff suffers "chronic, longstanding, progressive, symptomatic spinal and peripheral generic osteoarthritis involving the right shoulder, right wrist and hand." (R:286) Also, Dr. Pacheco indicated that Plaintiff is restricted from lifting, pulling or pushing objects above ten pounds. (R:286) This report was submitted to the Appeals Council for consideration but was not presented to the ALJ. (R:1,4) In its decision denying the request for review, the Appeals Council noted that this additional evidence was considered but did not provide a basis for changing the ALJ's decision. (R:2) No further analysis was provided.

Evidence submitted for the first time to the Appeals Council is considered part of the record upon which the Commissioner's final decision is based. *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005); *see also Call v. Barnhart*, No. CIV.A.SA04CA0695-XR, 2005 WL 1862625, at *3 (W.D. Tex. Aug. 4, 2005). If new evidence is presented while the case is pending review by the Appeals Council, a court will review the record as a whole, including the additional evidence,

to determine whether the Commissioner's findings are still supported by substantial evidence. *See Higginbotham v. Barnhart*, 163 Fed. App'x. 279, 281-82, 2006 WL 166284 at *2 (5th Cir. Jan. 10, 2006) (unpubl.). Where new medical evidence is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination, the case should be remanded so that the Appeals Council can fully evaluate the treating source statement. *See, e.g., Brown v. Astrue,* No. 3:10-CV-00275-O-BK, 2010 WL 3895509, at *4-6 (N.D. Tex. Sept. 13, 2010); *Lee v. Astrue*, No. 3:10-CV-155-BH, 2010 WL 3001904, at *7 (N.D.Tex. July 31, 2010): *Stewart v. Astrue,* No. 7-07-CV-052-BD, 2008 WL 4290917, at *4 (N.D. Tex. Sept. 18, 2008).

The evidence submitted to the Appeals Council must be both new and material to trigger a remand. *Call*, 2005 WL 1862625, at *3 (citing 20 C.F.R. § 404.970(b)). Dr. Pacheco's report includes a medical assessment of Plaintiff's residual functional capacity. This is new evidence and meets the first requirement.

Evidence is material if: (1) it relates to the time period for which the disability benefits were denied; and (2) there is a reasonable probability that it would have changed the outcome of the disability determination. *Castillo v. Barnhart,* 325 F.3d 550, 551-52 (5th Cir. 2003) *(per curiam)*. Evidence of a later-acquired disability or a subsequent deterioration of a non-disabling condition is not material. *Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir. 1985).

Dr. Pacheco' report is dated July 23, 2012. It is based on evaluations conducted on June 12 and July 11, 2012. The ALJ's decision was submitted on May 3, 2012. The report does not relate to the time period for which the disability benefits were denied. The first requirement for materiality is not met. Thus, there is no basis for remand.

Nor is the second requirement for materiality met. Based on its content, the report by Dr. Pacheco appears to be that of a non-examining physician. No argument is made by Plaintiff that he

is a treating physician. Hence, this is not a case where an ALJ may reject the opinion of the treating physician's views only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2). *Newton,* 209 F.3d at 453.

Dr. Pacheco's report fails to clearly indicate the length of his treatment of Plaintiff in such a way so as to negate the other record evidence. The nature and extent of the treatment relationship is not spelled out. The opinion expressed by Dr. Pacheco conflicts with that of the other medical evidence and opinions which have been considered by the ALJ. The Court concludes that there is no reasonable probability that the new evidence would have changed the outcome of the disability determination in this case. As such, the Court believes that the new evidence does not dilute the record to such an extent that it renders the ALJ's decision insufficiently supported.

Even if Dr. Pacheco's opinion were to be construed as that of a treating physician's, the failure to treat it as such by the ALJ constitutes harmless error. "Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected. . . The major policy underlying the harmless error rule is to preserve judgments and avoid waste of time." *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988) (internal citations omitted). The court will remand for further proceedings only where the procedural imperfection casts doubt on the existence of substantial evidence to support the ALJ's decision of non-disability. *See Morris*, 864 F.2d at 335.

Although the ALJ failed to specifically address the assessments listed by Dr. Pacheco (assuming him for purposes of this issue to be a treating physician), the Court finds that any error is harmless. Thus, a remand is not required for this reason either.

## VI.    CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner

be **AFFIRMED** consistent with this opinion.

**SIGNED and ENTERED on March 27, 2014.**


**ROBERT F. CASTANEDA**
**UNITED STATES MAGISTRATE JUDGE**